UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI CIVIL DIVISION

CASE NO. :

MARCIA BLAND,

      Plaintiff,
vs.

CARNIVAL CORPORATION,

      Defendant,                    /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Marcia Bland, sues Defendant, Carnival Corporation, for damages and alleges as follows:

1. Plaintiff is a citizen of Kentucky and was a passenger aboard the CARNIVAL SENSATION on August 13, 2015.

2. Defendant, Carnival Corporation, a foreign corporation is doing continuous and systematic business in the Southern District of Florida by operating seagoing vessels in the navigable waters of Florida. Carnival's principal place of business is in Florida.

3. Defendant, Carnival Corporation operated the vessel CARNIVAL SENSATION from the port of Miami, Florida, to the Bahamas.

4. Plaintiff's claim is a maritime personal injury claim that has a value in excess of $75,000.00.

5. Diversity jurisdiction is proper under 28 U.S.C. 1332. Jurisdiction is also proper under 28 U.S.C. § 1333.

6. Venue is proper under 28 U.S.C. 1391, and also due to the forum selection clause contained within the Defendant's cruise ticket.

7. Plaintiff, Marcia Bland, was a passenger on the CARNIVAL SENSATION on August 13, 2015.

8. Defendant, Carnival Corporation, has the duty to excersize reasonable care under the circumstances when operating its cruise. This duty includes the duty to warn passengers of dangerous conditions for which it either has either actual or constructive knowledge or has created itself.

9. On August 13, 2015, Marcia Bland was a passenger aboard the Carnival Sensation with her teenage daughter, Jasmyn Hamilton. Ms. Bland and her daughter were on the Lido Deck on deck 10, waiting in front of the Mongolian buffet to get some lunch. While waiting, a large piece for "decorative shutter" fell and struck Ms. Bland in the head, causing injuries to her head, neck, and back. The decorative shutter had been taken down from its display location and stowed in an area without a proper method of being secured. Additionally, the area directly next to the decorative shutter pieces was not properly and sufficiently roped off or blocked off so that passengers would be warned not to stand in the area that the shutters would land if they fell.

10. Defendant failed to exercise reasonable care by not securing, tying off, or roping off the "decorative shutters" while they leaned against the wall, to ensure they were not at risk of falling. Defendant knew or should have known of the danger of the falling "decorative shutters" because the shutters were taken down from their display location to be cleaned or otherwise serviced by Carnival personnell, and were left loose resting on the wall, not secured in any way. Only the ship's crew had access and control of the "decorative shutters." Ship's

passengers are not cleaning the "decorative shutters."  Plaintiff was simply waiting in a buffett line when the "decorative shutter" unexpectedly fell on her and struck her.

11. The injuries sustained by the Plaintiff and were directly caused by the negligence of Defendant, Carnival Corporation, it's employees, staff, crewmembers, owners, agents and operators by the following acts of omission and commission:

   a. Failure to stow and secure the "decorative shutters" to ensure they would not fall on any people including passengers;

   b. Failure to correct a known unsafe condition (unsecured large objects resting against a wall);

   c. Failure to conduct periodic inspections of the "decorative shutters" while located in their unsecured resting place;

   d. Failure to properly secure the "decorative shutters" after removal or during cleaning/maintenance by way of roping off, tying up, or some other method of the shutters; and

   e. Failure to warn Plaintiff of the danger of a falling "decorative shutter."

12. The conditions listed in paragraph 11 above were known by the Defendant, or in exercise of reasonable care of operating the cruise should have been known by a reasonable cruise ship operator in light of the condition of the shutter removed from its usual secured located to an unsecured spot up against a wall.

13. As a direct and proximate result of the Defendant's negligence, Plaintiff, Marcia Bland, suffered injuries to her head, neck, back and other bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing case and treatment, loss of earnings and loss of

ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff, Marcia Bland, prays for a judgment to be entered against the Defendant Carnival Corporation for compensatory damages in excess of $75,000.00, including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

/s/ Jacob J. Munch
JACOB J. MUNCH
E-mail: sealaw@tampabay.rr.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
(813) 254-1557 Telephone
(813) 254-5172 Facsimile
Attorneys for Plaintiff, Bland